[No. 5385.]

[No. 3035 C. A.]

GOODE v. THE RIO GRANDE SAMPLING COMPANY.

**Fraudulent Conveyances—Bank Deposit—Assignment.**

Plaintiff, having sued certain bank depositors, was about to garnish the deposit, which fact the depositors ascertained and, desiring bail on a criminal charge, made a check for $1,000, which was to have been delivered to B on condition that he would sign the depositors' bond, which he refused to do. Whereupon the depositors, on the day, the deposit was garnished, assigned a $1,000 of the deposit to the intervener in consideration of his furnishing bond and employing an attorney, etc., to defend them, and antedated the assignment two days. Intervener

paid out on the face of the assignment only $150 and did not furnish the bond. Held, that such facts are sufficient to show that the assignment was for the benefit of the depositors and a fraudulent attempt to defeat the lien of the judgment and garnishment, and therefore the trial court was justified in finding for plaintiff.—P. 171.

*Appeal from the District Court of Teller County.*
*Hon. Louis W. Cunningham, Judge.*

Action by The Rio Grande Sampling Company against George Goode. From a judgment for plaintiff, defendant appeals.                    *Affirmed.*

Mr. FRANK J. HANGS, for appellant.

Mr. ROBERT G. WITHERS, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

On July 1st, 1901, the appellee in an action then commenced against N. J. Stumpf and Frank Myers, caused a writ of attachment to be issued and certain moneys in the hands of The First National Bank of Cripple Creek, said to belong to defendants in that action, to be garnished. Shortly after the garnishee summons was served appellant presented to the bank an assignment of account of Stumpf and Myers. The bank refused to acknowledge the assignment because it had been served with a garnishee summons. For some reason the action brought by appellee against Stumpf and Myers was not tried until the 12th day of November, 1902, at which time appellant filed his petition for intervention, claiming that the money had been assigned to him upon the first day of July, 1901. Judgment was taken against the defendants by plaintiff and the writ of attachment sustained. Plaintiff answered the petition of intervention, alleging that the assignment was made by the defendants, and accepted by the intervener under the advice of an attorney of defendants and

the intervener for the use and benefit of the defendants and for the purpose of attempting by fraudulent and pretended assignment to defeat the rights of the plaintiff as well as the lien of the judgment and garnishment, and to obtain money for the use and benefit of defendants, and was not made in good faith. The matter went to the trial court on the plea of intervention and the issue tendered by this defense. The issues were found for plaintiff, and the intervener appealed.

The only question involved in this action is one of fact. It was found by the court adversely to the intervener upon competent testimony and the judgment must be affirmed. It appears from the testimony that the defendants in the attachment suit had been arrested and were in the custody of the sheriff. They were desirous of securing some person to sign as surety their appearance bond. They made a check to the intervener for one thousand dollars. This check was to have been delivered to Mr. Burnside upon condition that he would sign the bond. The intervener and his counsel called upon Mr. Burnside, and he refused to sign the bond because he had been informed that the plaintiff was going to attach the money in the bank. Defendants then, upon the advice of their counsel, made the following assignment to the intervener:

"Cripple Creek, Colo., June 29, 1901.

"For and in consideration of the sum of fifty dollars to us in hand paid by George Goode and the furnishing of bond and employing an attorney and other services to be performed by the said George Goode, we hereby sell, assign and transfer to the said George Goode the sum of one thousand dollars now on deposit in the First National Bank of Cripple Creek, Colorado."

This assignment was not made until the parties had learned that plaintiff was preparing to attach the money. The intervener did not furnish the bond as required by the assignment, and paid out, in addition to the fifty dollars recited in the assignment, the sum of one hundred dollars to the attorney, making a total expenditure of one hundred fifty dollars as a consideration for the assignment of one thousand dollars. Under these conditions the trial court was justified in finding the issues for the plaintiff and the judgment will not be disturbed. It will therefore be affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.